IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANGI GABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2597-JWL/JPO |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| BOILERMAKERS, IRON SHIP BUILDERS, | ) | |
| BLACKSMITHS, FORGERS & HELPERS, | ) | |
| AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff filed a damages claim against her former employer alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. The matter is presently before the court on defendant's motion for partial judgment on the pleadings on plaintiff's additional claim of intentional spoliation of evidence (doc. 18). For the reasons set forth below, defendant's motion is granted.

**FACTS**

At this stage, the court accepts as true the well-pleaded facts alleged in plaintiff's complaint. Plaintiff was an employee of defendant from July 18, 2008 to October 31, 2011. Beginning in 2009, another employee, who is also cousin to plaintiff's supervisor,

1

attempted to pursue a sexual relationship with plaintiff. Plaintiff repeatedly asked the other employee to stop pursuing her, and repeatedly complained to her supervisor about the harassment. In July 2011, plaintiff received harassing text messages from the employee and showed these text messages to her supervisor. The same month, plaintiff's boyfriend accompanied her on a business trip, where he encountered her supervisor and threatened legal action if the harassment was not stopped. Shortly thereafter, defendant informed plaintiff that she was being investigated for her expenses. She met with defendant's legal counsel about that investigation on September 28, 2011. During the time plaintiff was in that meeting, plaintiff's mobile phone was remotely "wiped" including the evidence of harassing text messages from the employee. On October 31, 2011, defendant terminated plaintiff's employment. Thereafter, plaintiff filed a charge of discrimination, received her right-to-sue notice and, in September 2012, filed her complaint in federal court.

**STANDARD**

A motion for judgment on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c) is treated as a motion to dismiss for failure to state a claim made pursuant to Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F. 3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). The Court will grant a motion to dismiss when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual

allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Twombly*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.,* and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Kansas has not previously recognized the tort of intentional spoliation of evidence. However, the Kansas Supreme Court has not foreclosed the possibility that it would recognize the claim in an appropriate factual situation. *See Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 215; *Superior Boiler Works, Inc. v. Kimball,* 292 Kan. 885 (2011). *Koplin* was the first time Kansas considered recognizing the new tort. In answering the question certified from the U.S. District Court, the *Koplin* court distinguished between first-party spoliation, in which a defendant or potential defendant destroys evidence to its own advantage, and third-party spoliation, in which a nonparty to the underlying lawsuit destroys evidence. *Koplin*, 241 Kan.at 213. It declined to recognize third-party intentional spoliation of evidence, but left open the question of first-party intentional spoliation claims. *Id.* In *Superior Boiler Works*, the Kansas Supreme Court declined to recognize the tort for claims between co-defendants or potential co-defendants, but left open the question of whether it would be recognized when filed by

3

the plaintiff in the underlying action against the defendant in the underlying action. 292 Kan. at 909.

The window that remains open for an intentional spoliation of evidence claim under Kansas law is for a claim by the plaintiff in the underlying action against a defendant in the underlying action, where the defendant destroys evidence to its own advantage. Plaintiff's claim fits within that window. Plaintiff alleges that her employer destroyed text message evidence of sexual harassment by a fellow employee in order to gain an advantage in any potential litigation. Defendant contends that judgment on the pleadings is appropriate because plaintiff has not and cannot allege any duty on the part of defendant to preserve the evidence. As explained below, the court agrees.

It is fundamental that before there can be any recovery in tort there must be a violation of a duty owed by one party to the person seeking recovery. *Koplin*, 241 Kan. at 212 (citing *Malone v. Univ. of Kan. Med. Ctr.*, 220 Kan. 371, 374, 552 P.2d 885 (1976)). "The existence of a legal duty is a question of law to be determined by the court." *Foster v. Lawrence Memorial Hosp.,* 809 F. Supp. 831, 838 (D. Kan. 1992) (quoting *McGee v. Chalfant*, 248 Kan. 434, Syl. ¶ 3, 806 P.2d 980 (1991)). At issue in spoliation claims is whether there is an "an affirmative duty to preserve evidence, which can arise from an independent tort, contract, agreement, voluntary assumption of duty, or special relationship of the parties." *Superior Boiler Works,* 292 Kan. at 896 (citing *Koplin*, 241 Kan. at 215).

In *Koplin*, plaintiff asserted a claim of intentional spoliation of evidence against his former employer for disposing of a T-clamp involved in plaintiff's on-the-job injury.

4

Plaintiff claimed the employer intentionally destroyed the clamp to interfere with plaintiff's products liability suit against a third party, presumably a manufacturer of the T-clamp. The former employer was not a party to the litigation. The court concluded the employer had no affirmative duty to "preserve all possible physical evidence that might somehow be utilized in a third-party action by an injured employee" and that imposing such a duty would be too burdensome. *Koplin*, 241 Kan. at 213. "The answer to the certified question of whether Kansas would recognize a common-law tort action for intentional interference with a prospective civil action by spoliation of evidence is in the negative under the facts of this case." *Id.* at 215. The *Koplin* court directed the tort should not be recognized "absent some independent tort, contract, agreement, voluntary assumption of duty, or special relationship of the parties." *Id*.

Magistrate Judge Gale recently addressed the issue in *Nkemakolam v. St. John's Military School*, No. 12-cv-2132-JWL, 2012 WL 3583593 (D. Kan. Aug. 20, 2012). There, Judge Gale recognized the defendant had a "special relationship" with the plaintiffs, who were students of the private boarding school defendant, and that that relationship included a statutory duty to preserve certain documents relating to the education of its students. However, the special relationship and the resulting duty to preserve records did not give rise to any affirmative duty to preserve the evidence plaintiffs sought—photographs and video stored on the phones of other students at the school. The court acknowledged the "intentional destruction of evidence should be condemned. . . That alone, however, is not enough to justify creating tort liability for such conduct." *Id.* at *5 (quoting *Superior Boiler Works*, 259 P.3d at 688-89). Instead, a "jury

instruction regarding spoliation of evidence (and the resulting inferences to be drawn against the party allegedly destroying the evidence) would adequately redress any damage to Plaintiffs." *Id*. at *6.

As explained by Judge Gale, the nature of the duty to preserve evidence that must be demonstrated to state a claim for an independent tort of spoliation is distinct from the duty necessary to obtain an adverse inference instruction at trial. *See id*. at *5-6. To state a separate cause of action, the duty to preserve must stem from one of the circumstances enumerated in *Koplin*—a contract, agreement, voluntary assumption of duty or some special relationship between the parties. *See id*. at *5-6. Awareness of the potential for litigation (or the onset of litigation itself) is not enough to establish the "kind of duty necessary to create an independent cause of action for spoliation. If it was, the cause of action would be available to virtually all litigations." *Id*. at *5. However, in attempting to obtain an adverse inference instruction at trial, a party satisfies the "duty to preserve" element by showing only that the party "knew, or should have known, that litigation was imminent." *Schlumberger Tech. Corp. v. Greenwich Metals, Inc*., 2009 WL 5252644, at *5 (D. Kan. Dec. 31, 2009).

While plaintiff alleges in her complaint that defendant "knew of a potential claim against it" by plaintiff at the time it destroyed the evidence, she does not contend in her submissions that this alleged knowledge created the requisite duty for purposes of stating an independent cause of action for spoliation. If she ultimately proves this allegation, plaintiff may yet convince the court that she is entitled to an adverse inference instruction at trial or some other appropriate sanction. But for purposes of establishing the requisite

6

duty to preserve evidence for stating a cause of action for spoliation, plaintiff alleges in her submissions only that a special relationship existed between her and defendant by virtue of the employer-employee relationship. Plaintiff correctly asserts that *Superior Boiler Works* recognized that the employer-employee relationship is a special relationship within the law for some purposes; but it also immediately pointed out that this special relationship does not create a per se duty to preserve evidence. *See Superior Boiler Works*, 292 Kan. at 898 (noting that *Koplin* rejected the argument that the employer-employee relationship created a duty to preserve evidence). Plaintiff also correctly asserts that in the context of Title VII claims an employer "has a duty to investigate whenever it becomes aware of harassment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). However, a duty to investigate is not synonymous with a duty to preserve evidence. Plaintiff does not explain another basis for a duty to preserve evidence.

Because there can be no recovery in tort without breach of a duty, and defendant had no duty to preserve the evidence in question, defendant's motion for partial judgment on the pleadings is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for judgment on the pleadings (doc. 18) is granted.

**IT IS SO ORDERED**.

Dated this 4th day of March, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge